J. S30017/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| BOBBY L. SHOWELL, | : | No. 142 EDA 2014 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, December 20, 2013,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0208111-2006

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E. AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 6, 2015**

Appellant appeals the denial of PCRA relief.  On November 6, 2006, appellant pled ***nolo contendere*** to numerous charges involving the physical abuse of an eight-year-old child in his care.  Appellant's direct appeal was dismissed for counsel's failure to file a brief; and following the filing of his first timely PCRA petition, his rights were reinstated.  This court affirmed his judgment of sentence on December 29, 2009.[1]  Appellant then filed another timely PCRA petition which was denied by the court.  That denial is the subject of this appeal.

On appeal appellant raises the following issues:

> I.     Whether the judge was in error in denying the
>        Appellant's   PCRA   petition   without   an

---

[1] No. 3437 EDA 2008.  We note that the trial court lists the appeal number as 3437 EDA 200_7_ in its Rule 1925 opinion.

evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

II. Whether the Judge was in error in not granting relief on the PCRA petition alleging counsel was ineffective.

Appellant's brief at 8.

Judge Bright has set forth the procedural and factual history of this case, and we have no need to repeat it here. Based on our review of the record, the briefs, and Judge Gwendolyn Bright's comprehensive and well-reasoned supplemental opinion dated August 27, 2014, we affirm.

Order affirmed.

Gantman, P.J. joins the Memorandum.

Jenkins, J. files a Concurring Memorandum in which Gantman, P.J. joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2015

- 2 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA : CP-51-CR-0208111-2006

**FILED**

vs. AUG 27 2014

Criminal Appeals Unit
First Judicial District of PA

: SUPERIOR COURT OF PENNSYLVANIA
BOBBY SHOWELL : 142 EDA 2014

SUPPLEMENTAL OPINION

BRIGHT, J.

On October 21, 2005 Appellant was arrested and charged with Aggravated Assault,

Possessing an Instrument of Crime, Unlawful Restraint, Endangering the Welfare of Children, and

Criminal Conspiracy, and on November 6, 2006 he entered a plea of *nolo contendere* and was found

guilty of those crimes. On January 10, 2007 Appellant was sentenced to a lengthy term of

imprisonment. Direct appeal was taken to the Superior Court of Pennsylvania and on November 1,

2007 the appeal was dismissed for counsel's failure to file a brief. On December 26, 2007

Appellant filed a Petition pursuant to the Post Conviction Relief Act[1] (hereinafter PCRA) and on

December 1, 2008 the Court ordered that Appellant's appeal rights be reinstated *nunc pro tunc*. On

December 4, 2008 Appellant filed Notice of Appeal to the Superior Court of Pennsylvania and on

December 29, 2009 the Judgment of Sentence was affirmed. Appellant filed a Petition for

Allowance of Appeal in the Supreme Court of Pennsylvania and on September 8, 2010 the Petition

was denied.

On January 11, 2011 Appellant filed the instant Petition pursuant to the PCRA *pro se* and

PCRA counsel was appointed. On November 14, 2012 Appellant filed an Amended PCRA Petition

together with a Memorandum of Law and on May 26, 2013 the Commonwealth filed a Motion to Dismiss. On November 27, 2013 Notice pursuant to Pa.R.Crim.P. 907 was sent to Appellant and on December 20, 2013 the PCRA Petition was dismissed. This timely appeal followed on January 13, 2014.

Pursuant to Pa.R.A.P. 1925(b) Appellant was instructed to file a Statement of Errors Complained Of On Appeal. Appellant failed to respond to the Order and the Court issued a 1925(a) Opinion deeming all issues to be waived. Appellant then filed a Petition to Remand for the filing of a 1925(b) Statement in the Superior Court of Pennsylvania, and on July 18, 2014 the Superior Court of Pennsylvania granted Appellant's Petition and remanded the case to permit Appellant to file a 1925(b) Statement with instructions to the PCRA Court to prepare this Supplemental Opinion.

In his 1925(b) Statement, Appellant complains that the PCRA Court was in error in denying the PCRA Petition without an evidentiary hearing and that the PCRA Court was in error in denying his Amended PCRA Petition which raised multiple claims of ineffective assistance of counsel.

### FACTS

The facts are summarized in this Court's Opinion on direct appeal and set out in the Superior Court of Pennsylvania's Memorandum Opinion as follows.[1] After the death of her father, the Philadelphia Department of Human Services (DHS) determined that the mother of eight year old Complainant SS was not able to care for her and the minor child was placed in the care of Appellant, her uncle, and her grandmother, co-defendant Cheryl Showell, who resided at 7426

---

[1] *Commonwealth v. Bobby Showell*, No. 3437 EDA 2007

Gilbert Street, Philadelphia, PA. N.T.[2] 11/6/2006 @ 11. After numerous reports to DHS,

Appellant and his co-defendant were instructed to take Complainant to St. Christopher's Hospital

for evaluation. Id. @ 12. When she arrived at the hospital it was discovered that Complainant

was in renal failure and had suffered a skull fracture. SS also had a subdural hematoma that

required surgery to relieve the pressure on her brain. Additionally, SS presented with scars on her

face and back, a massive bleeding ulcer which exposed muscle, and multiple other indicia of

physical abuse. Id. @ 12-13. Her extensive injuries required that she be kept in the intensive care

unit of the hospital for more than three weeks. Id.

Appellant admitted that he had caused the Complainant's injuries, explaining that it was

proper 'discipline', and he graphically described the methods he used. Id. @ 14-17. He blamed SS

for the severity of the punishment.

DISCUSSION

Appellant complains that the Court was in error in denying the PCRA Petition without an

evidentiary hearing and in denying his Amended PCRA Petition which raised multiple claims of

ineffective assistance of counsel. These claims are without merit.

The standard of review when presented with a challenge to the ruling by the PCRA Court is

whether the PCRA Court's ruling is supported by the record and is free of legal error. In

*Commonwealth v. Loner*, 2003 PA Super, 836 A.2d 125 (Pa. Super. 2003), the Superior Court of

Pennsylvania stated:

"Our standard of review for an order granting or denying post-conviction relief is limited
to examining whether the court's determination is supported by evidence of record and

---

[2]N.T. refers to the Notes of Testimony at bench trial before the Honorable Gwendolyn N. Bright on November 6, 2006 and the Sentencing on January 10, 2007. The specific date to which reference is made follows the designation "N.T.".

whether it is free of legal error.

To obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. The law presumes that counsel was effective, and it is the petitioner's burden to prove otherwise. Counsel cannot be deemed ineffective for failing to pursue a meritless claim.

Trial counsel's strategic choices cannot be the subject of a finding of ineffectiveness if the decision to follow a particular course of action was reasonably based and was not the result of sloth or ignorance of available alternatives. Counsel's approach must be "so unreasonable that no competent lawyer would have chosen it. Furthermore, counsel's effectiveness cannot be evaluated in hindsight but must be examined in light of the circumstances as they existed at the pertinent time.

Counsel will not be deemed ineffective if any reasonable basis exists for his or her actions. Even if counsel had no reasonable basis for the course of conduct pursued, a defendant is not entitled to relief if he fails to demonstrate "prejudice" as that element is defined under Pennsylvania's ineffectiveness standard. In assessing a claim of ineffectiveness, when it is clear that the defendant has failed to meet the prejudice prong, the court may dispose of the claim on that basis alone without any further determination." *Commonwealth v. Loner*, 836 A.2d @ 132-133. (Citations and quotations omitted.)

In *Commonwealth v. Fitzgerald*, 2009 PA Super. 154, 979 A.2d 908, 910 (PA Super 2009), the

Superior Court of Pennsylvania reiterated:

"In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. This requires the petitioner demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. It is presumed that counsel is effective, and places upon the appellant the burden of proving otherwise. Counsel cannot be deemed ineffective for failing to pursue a meritless claim" (citing, *Commonwealth v. Payne*, 2002 PA Super 62, 794 A.2d 902 (PA Super 2002).).

Additionally, it is well settled that an evidentiary hearing on a PCRA Petition is not absolute.

*Commonwealth v. Wah*, 2012 PA Super 54, 42 A.3d 335 (Pa. Super. 2012) citing, *Commonwealth*

4

*v. Jordan,* 2001 PA Super 111, 772 A.2d 1011, 1014 (Pa.Super.2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. If it is clear that an allegation of ineffectiveness of counsel lacks merit an evidentiary hearing is not warranted. *Commonwealth v. Steward,* 2001 PA Super. 126, 775 A.2d 819 (Pa. Super. 2001). *Commonwealth v. Wah, supra,* 42 A.3d @ 338.

In the case *sub judice,* Appellant asserts multiple claims of ineffective assistance of counsel. Appellant first complains that trial counsel was ineffective for failing to allow him to read and sign his own answers on his *nolo contendre* plea form, and by instructing him to sign only the bottom of the form. This complaint is without merit.

In *Commonwealth v. Hickman,* 2002 PA Super 152, 799 A.2d 136 (Pa. Super 2002), the Superior Court of Pennsylvania reaffirmed that "allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *See also, Commonwealth v. Yager,* 454 Pa. Super. 428, 685 A.2d 1000 (Pa. Super. 1996). This principal applies equally to pleas of *nolo contendre.* Instantly, the record amply demonstrates that Appellant's plea was knowingly, intelligently, and voluntarily entered.

> "[W]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea colloquy, and may ... contradict statements made when he pled." *Commonwealth v. McCauley,* 797 A.2d 920, 2001 (Pa. Super. 2001).

Prior to accepting Appellant's plea, the Court conducted an extensive colloquy with the Appellant, making certain that he understood the nature of the plea, the nature of charges to which he pled, and the various rights that he was waiving by pleading *nolo contendere.* Id. @ 5-20. The Court

specifically asked if Appellant had the opportunity to discuss the charges to which he pled with his attorney and if he was satisfied with his attorney's representation and Appellant responded in the affirmative. Appellant stated that he understood his rights and that he was voluntarily waiving his rights and pleading no contest. Id. The Court provided Appellant additional time to consult with his attorney to make certain that he understood his plea and inquired if Appellant understood, if he had signed the written colloquy form, and if he signed the form of his own free will. Id. @ 4-5. Appellant again responded in the affirmative. Id. @ 5. Appellant is bound by the statements he made during his plea colloquy and he cannot now contradict those statements. *Commonwealth v. McCauley, supra.* Error was not committed.

Moreover, it cannot be gainsaid that counsel was ineffective for not seeking 'additional information' regarding Appellant's mental condition during the colloquy. The Record clearly demonstrates that Appellant fully understood the purpose for his presence in court, the nature of the proceedings, and the nature of his plea of *nolo contendere.* Appellant was fully competent and offered his plea knowingly, intelligently, and voluntarily. Id. @ 6-7. PCRA counsel will not be found ineffective for failure to pursue a meritless course. Error was not committed.

Appellant also asserts that trial counsel was ineffective for misinforming him that he would be sentenced to any more than an additional fifteen months of incarceration following his offer to plead nolo contendre. This claim is without merit.

As previously discussed, where the record clearly demonstrates that a plea colloquy was conducted during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. Appellant is bound by the statements he made during the colloquy and may not now contradict statements made when he pled.

6

*Commonwealth v. McCauley, supra.* Instantly, the Record demonstrates that Appellant was fully aware of the crimes to which he was pleading *nolo contendere* and that he was fully aware that he faced a maximum sentence of up to sixty-three (63) years of imprisonment. Error was not committed.

Trial counsel did not render ineffective assistance and did not unlawfully induce Appellant to offer the plea of *nolo contendere.* Error was not committed.

Finally, Appellant complains that trial counsel was ineffective for failing to file a motion for reconsideration of sentence. This claim is without merit.

In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective Appellant is required to establish beyond a preponderance of the evidence that, inter alia, petitioner was prejudiced by counsel's act or omission. *Commonwealth v. Fitzgerald, supra.* In the case *sub judice,* Appellant was not entitled to a reconsideration of his sentence and a motion to obtain post sentence relief would not have been granted. It is well settled that sentencing is a matter vested in the sound discretion of the sentencing judge. *Commonwealth v. Reynolds,* 835 A.2d 720 (Pa. Super. 2003). The sentence imposed in the instant case does not violate any provision of the Sentencing Code and is within the fundamental norms underlying the sentencing scheme. Before imposing sentence the Court considered the Sentencing Guidelines, Appellant's testimony, the Presentence Mental Health Evaluation, and arguments of counsel. N.T. 1/10/2006 @ 4-5, 14, 29-36. At no time did Appellant show remorse for his crimes, but rather, he steadfastly asserted his right as a parent to inflict such 'discipline' and repeatedly attempted to justify his horrific crimes against this eight year old child. Under the circumstances presented by this case the sentence of the Court is not excessive and is consistent with the Sentencing Guidelines. The Court

7

would not have granted a motion for reconsideration of sentence and trial counsel will not be deemed ineffective for failing to pursue a meritless motion. Error was not committed.

CONCLUSION

For the foregoing reasons, error was not committed and the Order denying PCRA relief should be affirmed.

BY THE COURT

DATE: 8/27/14

_____ BRIGHT, J.